IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROBERT S. BALLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14CV792 |
| | ) | |
| KATIE POOLE, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*, a Motion (Docket Entry 3) seeking a preliminary injunction, and a Motion (Docket Entry 4) seeking an appointment of counsel. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(e).

2. Plaintiff states in the Complaint that he did not fully exhaust or attempt to fully exhaust available administrative remedies as to his third claim for relief. Exhaustion is required before Plaintiff may bring this action. See 42 U.S.C. § 1997e; Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 532 U.S. 731 (2001). The failure to exhaust is clear from the face of the Complaint, and Plaintiff had an opportunity to address the issue on the form itself and explain why he has not exhausted his available remedies. See Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). The Court finds that any stated reasons do not excuse Plaintiff from the exhaustion requirement.

3.	Plaintiff essentially filed three separate lawsuits in one Complaint. He alleges first that unidentified persons at Scotland Correctional Institution (possibly including Acting Warden Katie Poole who he names as a Defendant), violated his rights by subjecting him to lockdown conditions during various periods of time earlier this year. Next, he claims that Defendants Dr. Kevin Chung and Nurse Stubbs violated his rights by rendering improper medical care. Finally, he contends that Defendants J. Aikins and S. Barry violated his rights by failing to promptly approve his eligibility for sentence reduction credits related to Plaintiff's disability. "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a) (emphasis added). "Thus multiple claims against a single party are fine . . . ." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). However, where, as here, a plaintiff seeks to join not multiple claims against a single defendant, but multiple claims against multiple defendants, another provision of the Federal Rules of Civil Procedure comes into play, i.e., the limitation that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added). In other words, "[u]nrelated claims against different defendants belong in different suits . . . ." George, 507 F.3d at 607.[1] Here, Plaintiff raises three entirely distinct sets of claims against three separate defendants or groups of defendants. This is not proper in a single suit.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983

---

[1] Many district courts outside the Seventh Circuit, including a number in the Fourth Circuit, expressly have followed George on this and related points. See, e.g., Woods v. County of Wilson, No. 5:10CT3118BO, 2011 4460619, at *4 (E.D.N.C. Sept. 26, 2011) (unpublished); Chandler v. James, 783 F. Supp. 2d 33, 39 (D.D.C. 2011); Proctor v. Applegate, 661 F. Supp. 2d 743, 779 (E.D. Mich. 2009); Showalter v. Johnson, No. 7:08CV276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009) (unpublished); Robinson v. Johnson, No. 3:07CV449, 2009 WL 874530, at *1 (E.D. Va. Mar. 26, 2009) (unpublished); McCoy v. Willis, No. 4:07CV3563-PMD-TER, 2008 WL 4221745, at *5 (D.S.C. Sept. 15, 2008) (unpublished).

forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. As for Plaintiff's Motions seeking a preliminary injunction and an appointment of counsel, those motions are moot in light of the recommendation of dismissal and will be denied accordingly.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS FURTHER ORDERED that Plaintiff's Motion (Docket Entry 3) seeking a preliminary injunction and Motion (Docket Entry 4) seeking an appointment of counsel are denied for being moot.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 9th day of October, 2014.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**